UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CHILENKO and
LOIS CHILENKO,                                              No. 09–12247

        Plaintiffs,                              District Judge Victoria A. Roberts
v.                                                         Magistrate Judge R. Steven Whalen

AMERICAN HOME MORTGAGE
SERVICING, INC., *et. al.*

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is *Defendant American Home Mortgage Servicing, Inc's. ["AHM"] Motion for Summary Judgment* [Doc. #26], filed June 16, 2010 which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED as to claims under the Fair Debt Collection Practices Act and the Michigan Collection Practices Act. I further recommend that the Court decline to exercise pendent jurisdiction over claims brought under M.C.L. 600.3204 (foreclosure of mortgage by advertisement), dismissing this claim WITHOUT PREJUDICE.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs John and Lois Chilenko filed suit on June 10, 2009, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"); Michigan Collection Practices Act, M.C.L. 445.251 *et seq.* ("MCPA"); and M.C.L. 600.3101, *et. seq.* by Defendants American Home Mortgage, Inc. ("AHM") and Orlans Associates, P.C., ("Orlans"), a Michigan law firm. The claims pertain to the February 10, 2009 foreclosure sale of a mortgage loan (originally obtained from non-party American Broker Conduit on December 22, 2006) for Plaintiffs' residence in Northville, Michigan.

Plaintiffs make the following factual allegations. On October 3, 2008, they received notification from Orlans, a law firm hired by AHM, of the impending foreclosure sale, advising that Plaintiffs had 30 days to seek validation of the mortgage debt. *Complaint* at ¶21. On October 8, 2008, Plaintiffs notified Orlans that they were disputing the debt, demanding validation of the debt and "a complete accounting of the arrears." *Id.* at ¶22. They allege that although they never received a validation of the debt, Orlans proceeded with the first and second publication of the notice on November 4, and November 25, 2008 respectively. *Id.* at ¶23. They also assert that although the mortgage loan was $400,000, the "[t]he amount of sale was set at $440.604.11" for the purpose of creating a "deficiency." *Id.* Finally, citing M.C.L. 600.3204(1)(d), they contend that the February 10, 2009 foreclosure is invalidated by the fact Defendant AHM did not record its interest in the property with the Register of Deeds until November 18, 2008, 14 days subsequent to the first publication of the foreclosure sale. *Id.* at ¶19.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   ANALYSIS

Defendant AHM argues first that claims under the FDCPA and MCPA should be dismissed, noting that Plaintiffs' responses to requests for admissions concede that AHM did not violate either statute. *Defendant's Brief* at 5-6, *Doc. #26*; *Id.* at Exhibit E, pg. 4**.** Moreover, Plaintiffs themselves have admitted that they "make no claim" against AHM with respect to these statutes. *Plaintiffs' Brief*, p.6 [Doc. #29]. Because Defendant's argument for dismissal of these claims is unopposed, the motion should be granted as to both the FDCPA and MCPA claims.

In contrast, the remaining state law claim, brought pursuant to M.C.L. 600.3204, should be dismissed without prejudice.[1]

Although the Court has supplemental jurisdiction over state law claims arising from a "common nucleus of fact," remaining state claims in this case should be dismissed upon the dismissal of the federal claims . *United Mine Workers v. Gibbs,* 383 U.S. 715, 725-727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Musson Theatrical, Inc. v. Federal Exp. Corp.,* 89 F.3d 1244, 1254 -1255 (6th Cir. 1996)("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . ."). Because the remaining issues deal exclusively with state statutes, dismissal without prejudice is appropriate. *Id.*, at 1257.[2]

### III.   CONCLUSION

For these reasons,  I recommend that Defendant's motion for summary judgment [Doc. #26] be GRANTED as to the claims under the  Fair Debt Collection Practices Act and the Michigan Collection Practices Act.  I further recommend that the Court decline to exercise pendent jurisdiction over claims under M.C.L. 600.3204, dismissing this claim WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505

---

[1] I have also recommended that the only other federal claims in this controversy (FDCPA claims against co-Defendant Orlans) be dismissed with prejudice on the basis that Orlans is not a "debt collector" as defined by the FDCPA, leaving only the supplemental state law claims under the MCPA and M.C.L. 600.3204 against Orlans. *See Montgomery v. Huntington Bank,* 346 F.3d 693, 699 -701 (6th Cir. 2003).

[2] Plaintiffs have neither pled nor demonstrated that the case meets the requirements for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

(6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                               s/R. StevenWhalen
                                               R. STEVEN WHALEN
                                               UNITED STATES MAGISTRATE JUDGE

Dated: February 15, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 15, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 15, 2011: **None.**

                                               s/Michael E. Lang
                                               Deputy Clerk to
                                               Magistrate Judge R. Steven Whalen
                                               (313) 234-5217